1  STEVEN L. DERBY (SBN 148372)
   WADE LAW GROUP, APC
2  262 East Main Street
   Los Gatos, CA 95030
3  Telephone: (408) 842-1688
   Facsimile: (408) 549-1612
4  Email: sderby@wadelitigation.com

5
   Attorneys for Plaintiff
6  FRED J. REPUCCI

7
                IN THE UNITED STATES DISTRICT COURT
8
            IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA
9

10 | FRED J. REPUCCI,                    | CASE NO.
11 |         Plaintiff,                  | Civil Rights
12 | v.                                  | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
13 | U.S. Bank, National Association; U.S. Bancorp, a Delaware Corporation |
14 |                                     | 1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a), *et seq*, and 42 U.S.C. § 12203]**
15 |         Defendants.                 |
16 |                                     | 2. **Violation of the Disabled Persons Act [Cal. Civil Code §§ 54 And 54.1]**
17 |                                     | 3. **Violation of the Unruh Act [Cal. Civil Code § 51]**
18 |                                     |
19 |                                     | DEMAND FOR JURY TRIAL

20

21      Plaintiff FRED J. REPUCCI (hereinafter referred to as "Plaintiff") complains of
22 Defendant U.S. BANK NATIONAL ASSOCIATION and U.S. BANCORP., a Delaware
23 Corporation.

24                              **INTRODUCTION**

25      1.    Defendants denied Plaintiff full and equal enjoyment and access to their banking
26 services, facilities, privileges and accommodates in violation of the Americans with Disabilities
27 Act of 1990, as well as the California Unruh Act and the California Disabled Persons Act.
28 Defendants currently hold on deposit the sum of $136,975.68 to which they are denying him all

1  access. Defendants refuse to accommodate Plaintiff who suffered a stroke and needs the
2  assistance of his wife or some other representative to communicate with Defendants. Defendants
3  have denied him this accommodation at least 20 times over the past six months. Plaintiff brings
4  this lawsuit to enforce his rights under the Americans with Disabilities Act and supplementary
5  state laws.  He seeks an order requiring Defendants to modify policies and procedures and to
6  release his money to him. Plaintiff also seeks damages, attorneys' fees, costs and litigation
7  expenses.

**JURISDICTION**

2.     This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq*. (the "ADA").

3.     The Judicial District of the United States District Court for the Northern District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a).  All the claims derive from a common nucleus of operative facts and arose out of the same transactions.  The state law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

**VENUE**

4.     Venue in the Judicial District of the United States District Court for the Central District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and the property that is the subject of this action is located in this District in the City and County of Riverside, California.

**THE PARTIES**

5.     At all times herein relevant, Plaintiff Fred Repucci ("Plaintiff") was and is a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l).   Approximately 15 years ago suffered a stroke which prevents him from communicating orally, especially in pressure-filled or emotionally-charged situations. His condition affects the following body systems: Neurological, motor and muscular, Plaintiff's condition substantially limits major life activities, talking and communicating. Plaintiff cannot

perform these activities in the same manner, speed and duration as the average person. Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a physical impairment.

6. Defendants U.S. BANK, NATIONAL ASSOCIATION and U.S. BANCORP, a Delaware Corporation (Defendants") are and at all times relevant to the Complaint were, businesses or corporations organized and existing and/or doing business under the laws of the State of California. Based upon a review of public records, Plaintiff is informed and believes and based thereon alleges, that Defendants own and/or operate the U.S. Bank Branch office located at 9103 Mission Blvd. Riverside, California (the "Bank").

7. Defendants, and each of them, are the owners, operators, lessees and/or lessors of the Bank and Defendants' other branch banks open to the public and thus are public accommodations. During all times relevant to this Complaint, Defendants, and each of them, operate and have operated as a public accommodation and a business establishment under the laws of the State of California.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them were, at all times relevant to the action, the owner, operator, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified and/or authorized the acts alleged herein.

## STATEMENT OF FACTS

9. Plaintiff has been a long-standing customer of Defendants since 1978 and patronizing The Bank located in Riverside, California since then. Currently, as of the last bank statement, Plaintiff has the sum of $136,975.68 on deposit in an account maintained by Defendants.

10. Due to improper conduct by Plaintiff's former caregivers which included improper access to and withdrawal of funds and other property held at The Bank, Defendants have locked Plaintiff's account and will not allow anyone access including Plaintiff himself.

They insist that he sit for an "interview" with the manager at The Bank. Because of Plaintiff's disability and his inability to make himself understood especially in public and in emotionally-charged situations, Plaintiff has made repeated requests that Defendants' employees to allow his wife and other representatives accompanying him to assist him in communicating with employees at The Bank due to his speaking disability.

11. Defendants have consistently refused to allow any access to the aforementioned funds by Plaintiff so long as he is accompanied or any of his representatives including his wife. Defendants have refused Plaintiff's repeated requests for reasonable accommodation in order to have assistance in communicating with bank personnel in order to obtain release of his funds.

12. Plaintiff has visited The Bank no less than 20 times requesting access to the aforementioned funds on deposit to pay his bills, and to provide food and other essentials to Plaintiff and his wife who are currently destitute due to Defendant's refusal to allow Plaintiff access to his own funds.

13. On information and belief, Plaintiff alleges that at all relevant times herein mentioned, Defendants had actual and/or constructive knowledge of the discriminatory behavior of their employees and/or are responsible for the misconduct of their employees under the ADA and other disability rights laws and or by the fact that they ratified the misconduct and/ or are liable for the actional od the employees and agents under the doctrine of respondeat superior. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff, sustained the following losses, injuries and damages, past and future, including but not limited to:

    a. Economic damages, including, but not limited to, out of pocket expenses, and medical expenses – past and future;

    b. Physical pain and suffering;

    c. Emotional distress, embarrassment, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

    d. Loss of enjoyment of life;

    e. All other legally cognizable special and general damages;

f.  Violations and deprivations of State and federal disability rights; and

g.  All damages and penalties (including a trebling of actual damages) recoverable under California Civil Code §§ 52, and 54.3 (for violations of §§ 51 and 54 and 54.1, et seq. of the California Civil Code, respectively).

**FIRST CLAIM
AGAINST DEFENDANTS
(For Discriminatory Practices in Public Accommodations;
Violation of the Americans with Disabilities Act of 1990)**

14.  Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 13 above.

15.  Plaintiff alleges that Defendants own, leases and/or operate a public accommodation as defined in 42 U.S.C. § 12181(7).

16.  As owners and operators of a place of public accommodation, Defendants are required to provide Plaintiff, as a disabled person, "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of the Facility.

17.  Based on the foregoing, Defendants have intentionally refused, despite being aware of their obligations under the law, to serve Plaintiff based solely on his status as a person with a disability.

18.  As a result, Plaintiff was denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA, specifically 42 U.S.C. §§ 12182(b)(2)(A)(ii) and 12182(b)(2)(A)(iii).

19.  Plaintiff has physical disabilities as alleged above because Plaintiff's conditions affect one or more of the following body systems: Neurological, musculoskeletal and/or cardiovascular. Further, Plaintiff's physical impairments substantially limit major life activities including standing and walking. Moreover, Plaintiff has a history of, has been diagnosed and classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

20.  One of the specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. § 12182(b)(2)(A)(ii), proscribes the following: "a failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to

afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." The foregoing section requires Defendants to demonstrate policies, practices or procedures that would allow Plaintiff to conduct business transactions at Defendants' Bank in a manner that would ensure that he and other similarly situated people with disabilities are able to access and enjoy financial services on the same basis as the general public.

21. Another of the specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. § 12182(b)(2)(A)(iii), proscribes the following: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden…" As demonstrated herein, Defendants conspicuously failed to provide necessary aids and services to ensure that Plaintiff could conduct his financial transactions in the same confidential manner as the general public.

22. Based on the facts and allegations pled herein, Defendants unreasonably failed and refused to modify their policies, practices and procedures or provide auxiliary aids and/or services to provide Plaintiff full and equal enjoyment of and access to Defendants' services, facilities, privileges, advantages or accommodations, all as required by the ADA.

23. Based on the facts and allegations pled in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless Defendants are ordered to adopt policies and procedures and/or provide auxiliary aids and services that comport with the requirements of the ADA and allow Plaintiff to communicate with bank personnel. Plaintiff alleges that Defendants' discriminatory conduct is ongoing capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring adaption of policies, practices and procedures (and accessible features) in places of public accommodation and assuring that Plaintiff and people with disabilities can utilize the banking system, request and obtain changes in policies, practices and procedures to conduct their financial transactions. Plaintiff has no

adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' place of business but cannot do so because of the discriminatory policies, practices and procedures of Defendants. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to ensure that Defendants comply with the applicable requirements of the ADA.

## SECOND CLAIM
## AGAINST DEFENDANTS
### (For Denial of Full and Equal Access; Violation of the Disabled Persons Act)

24. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 23 above.

25. Plaintiff alleges that Defendant has discriminated against him in the past and continues to do so and has violated (and continues to violate) his rights under §§ 54 and 54.1 of the California Civil Code.

26. At all times relevant to this Action, California Civil Code §§ 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of their physical disabilities and that they shall have full and equal use of public facilities and other public places, such as a dental office.

27. Section 54(a) of the California Civil Code states that individuals with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics and physicians' offices, public facilities and other public places.

28. Plaintiff is an individual with a disability as defined in California Government Code § 12926.

29. California Civil Code § 54.1 (a)(1) provides, in pertinent part, as follows:

> 54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

30. Each violation of the Americans with Disabilities Act alleged herein also

constitutes a violation of §§ 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages pursuant to California law. Plaintiff alleges that because of his disability, he has been denied and continues to be denied the full and equal access to Defendants' services in violation of §§ 54 and 54.1 of the California Civil Code based both on Defendants' violation of his rights under the ADA and because of independent violations of his rights under §§ 54(a) and 54.1(a)(1) of the California Civil Code.

31. Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in §§ 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under §§ 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

32. The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the Bank and the financial services offered thereat and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

**THIRD CLAIM**
**AGAINST DEFENDANTS**
**(For Discriminatory Practices by a Business Establishment; Violation of the Unruh Civil Rights Act)**

33. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 32 above.

34. Based on the facts and allegations set forth in this Complaint, Plaintiff alleges that Defendants have discriminated against him and violated his rights under § 51 of the California Civil Code. The discriminatory misconduct and violation of Plaintiff's rights continues through the present day.

35. At all times relevant to this action, § 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities.

36. Plaintiff is a disabled person and/or has a disability as defined by § 12926 of the California Government Code.

37. California Civil Code § 51(b) provides, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever

38. Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code § 51.

39. Section 52(a) of the California Civil Code provides as follows:

> (a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

40. The failure of Defendants to adopt and modify policies, practices and procedures or provide aids and services to Plaintiff are violations of Plaintiff's rights under the ADA (triggering a violation of § 51(f)).

41. Parties who, like Defendants, own and/or operate places of public accommodation that provide financial services to the general public are familiar with the requirements to adopt, create, modify and maintain policies, practices and procedures and/or provide auxiliary aids and services so that people with disabilities have equal access to the services they provide. Defendants failed to adopt or modify policies, practices and procedures and/or provide auxiliary aids and services to provide Plaintiff and persons similarly situated access to their services. The conduct, here, is particularly offensive because of Plaintiff's repeated attempts to gain the cooperation of the Defendants without resort to litigation.

WHEREFORE, Plaintiff prays for damages and relief as hereinafter stated.

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

**PRAYER FOR RELIEF**

A. For general and special damages pursuant to California Civil Code §§ 52, 54.3, 3281 and 3333, and/or under common law;

B. For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code § 52, for each and every violation of California Civil Code § 51;

C. In the alternative, to the damages pursuant to California Civil Code § 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages, pursuant to California Civil Code § 54.3 for each and every violation of California Civil Code § 54.1 and/or California Civil Code § 54;

D. For injunctive relief pursuant to 42 U.S.C. §12188(a)(2) and § 52 of the California Civil Code. Plaintiff requests that this Court enjoin Defendants from continuing to do business at The Bank or any other location prior to adopting policies, practices and procedures to accommodate Plaintiff and / or obtaining auxiliary aids and services that comply with the ADA and California laws or in the alternative, that this Court issue a mandatory injunction requiring Defendants to immediately make the services offered at the Bank and their other branches fully accessible to Plaintiff and others similarly situated, including the adoption of policies practices and procedures and/or acquisition of auxiliary aids and services to ensure that Plaintiff and other persons similarly situated can make use of all financial services available to the general public. Plaintiff seeks a paid monitor to assure Defendants' compliance with all of the above. Plaintiff does not request any injunctive relief pursuant to §55 of the California Civil Code or § 19953 of the California Health & Safety Code;

E. For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and

F.   For such other further relief as the Court deems proper.

Dated: April 24, 2024                          WADE LAW GROUP, APC

                                               By      /s/ Steven L. Derby
                                                 Steven L. Derby
                                                 Attorneys for Plaintiff
                                                 Fred J. Repucci